1
2
3
4
5
6                      UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                  * * *

9   LOURDES MARIA MORTON,                 Case No. 2:12-cv-00155-MMD-NJK

10                          Plaintiff,
                                                        ORDER
11        v.
                                          (Plf.'s Application for Entry
12  WAL-MART STORES, INC., et al.,          of Default – dkt. no. 11;
                                            Def.'s Motion for Summary
13                         Defendants.      Judgment – dkt. no. 19;
                                            Def.'s Motion for Summary
14                                          Judgment – dkt. no. 29)

15  **I.    SUMMARY**

16        Before the Court are Plaintiff Lourdes Maria Morton's Application for Entry of

17  Clerk's Default (dkt. no. 11) as well as Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart")

18  Motions for Summary Judgment (dkt. nos. 19 and 29).  The Court has reviewed the

19  briefings associated with each motion, and issues this Order consistent with the

20  reasoning set forth below.

21  **II.   BACKGROUND**

22        Morton filed her Complaint on January 30, 2012, against Defendants, Wal-Mart,

23  Claims Management, Inc., and Arkansas Claims Management, Inc., for injuries arising

24  out of a slip and fall in a San Bernardino, California Wal-Mart store.  Morton alleges that

25  on February 13, 2010, she slipped and fell on a "slippery, gel-like substance" while

26  inside the store and sustained injuries as a result.  (Dkt. no. 1 at ¶ 4.)  Morton brought

27  two claims, one for negligence and the other for "loss of care, society, companionship,

28  support and consortium of her spouse."  (*Id.* at ¶¶ 5-10.)

III.   **MORTON'S APPLICATION FOR DEFAULT (DKT. NO. 11)**

Wal-Mart timely answered Morton's Complaint, but Claims Management had not due to the Stipulated Dismissal entered into by the parties on March 13, 2012. (*See* dkt. no. 7.)  The Stipulated Dismissal, signed by Morton and Defendants' counsel, agreed to dismiss without prejudice both Claims Management entities. (*Id.*)  After it was entered, Morton filed an Opposition to the Stipulated Dismissal, complaining that the stipulation was entered into erroneously and that she had not consented to the Claims Management dismissals.  (Dkt. no. 10.)

Consequently, Morton seeks an entry of default from the Court after representing in a brief motion that Defendants have not answered her Complaint.  (Dkt. no. 11)  In response, Defendants' counsel argues that default against the remaining two Defendants, Claims Management, Inc. and Arkansas Claims Management, Inc. (hereinafter "Claims Management"), is inappropriate because they had been dismissed from the case.

In response to Morton's Application for Default, Wal-Mart summarized the history of its discussions with Morton, and argues that Morton consented to the stipulation before simply changing her mind.  The documents appended to Wal-Mart's Response do not clarify whether Morton did indeed consent to the stipulation; they only include a series of letters wherein Wal-Mart's counsel's represented to Morton that she had consented to the stipulation.  Without deciding whether to accept as true Wal-Mart or Morton's retelling of these events, the Court denies Morton's Application for Default.  It is at least clear that Claims Management believed it to be dismissed from the suit, and thus did not answer the Complaint.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing a dismissal of an action against a party without a court order by "filing a stipulation of dismissal signed by all parties who have appeared").  Under these circumstances, an entry of default against Claims Management would be unjust and without cause.

The question remains what effect the disputed Stipulation has on ongoing proceedings in this case.  In light of the Stipulation's terms, which provided for dismissal

1    *without prejudice* of Claims Management, the Court holds that withdrawal of the

2    stipulated dismissal is appropriate.  As a plaintiff is the master of her complaint, the

3    Court rules in favor of Morton.  Claims Management has twenty-one (21) days from the

4    entry of this Order to respond to Morton's Complaint.  *See* Fed. R. Civ. P. 12.

5    **IV.    WAL-MART'S MOTIONS FOR SUMMARY JUDGMENT**

6         **A.    Legal Standard**

7         The purpose of summary judgment is to avoid unnecessary trials when there is no

8    dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

9    F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when the pleadings,

10   the discovery and disclosure materials on file, and any affidavits "show there is no

11   genuine issue as to any material fact and that the movant is entitled to judgment as a

12   matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine"

13   if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for

14   the nonmoving party and a dispute is "material" if it could affect the outcome of the suit

15   under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

16   Where reasonable minds could differ on the material facts at issue, however, summary

17   judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.

18   1995).  "The amount of evidence necessary to raise a genuine issue of material fact is

19   enough 'to require a jury or judge to resolve the parties' differing versions of the truth at

20   trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l

21   Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).  In evaluating a summary

22   judgment motion, a court views all facts and draws all inferences in the light most

23   favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793

24   F.2d 1100, 1103 (9th Cir. 1986).

25        The moving party bears the burden of showing that there are no genuine issues

26   of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In

27   order to carry its burden of production, the moving party must either produce evidence

28   negating an essential element of the nonmoving party's claim or defense or show that

3

the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.  First Motion for Summary Judgment (dkt. no. 19)**

Wal-Mart seeks summary judgment on the basis of admissions made by Morton during discovery in response to Wal-Mart's Fed. R. Civ. P. 36 request for admissions. On March 20, 2012, Wal-Mart propounded these requests, but Morton provided her responses on May 1, 2012, eleven days after the Rule 36 deadline. Wal-Mart argues that Morton's failure to timely respond constituted "conclusively established" admissions to their requests that negate essential elements of Morton's claims. Morton does not challenge this conclusion, but does request within her Response to Wal-Mart's first Motion for Summary Judgment withdrawal or amendment of her admissions pursuant to Fed. R. Civ. P. 36(b).[1] (*See* dkt. no. 23 at 7.) Morton later filed a standalone motion seeking withdrawal or amendment of her admissions. (Dkt. no. 25.) The Magistrate Judge granted the motion, correctly reasoning that the requirements under Rule 36(b) were present to allow amendment. (*See* dkt. no. 32.) As Wal-Mart's Motion is predicated

---

[1]That request is properly construed as a Rule 36(b) motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "[a] document filed pro se is to be liberally construed").

4

1    solely on admissions that have now been amended, its causation and damages

2    arguments must fail, and the Motion must be denied.

3        **C.    Second Motion for Summary Judgment (dkt. no. 29)**

4        Wal-Mart's primary argument in favor of its second Motion for Summary Judgment

5    is that Morton has failed to proffer any evidence that Wal-Mart either caused or had

6    actual or constructive notice of the hazardous condition at its store, thereby precluding

7    negligence liability.

8        To state a claim for negligence, a plaintiff must show "(1) that the defendant had a

9    duty to exercise due care with respect to the plaintiff; (2) that the defendant breached

10   this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's

11   injury; and (4) that the plaintiff was damaged." *Joynt v. California Hotel & Casino,* 835

12   P.2d 799, 801 (Nev. 1992) (citing *Perez v. Las Vegas Medical Center,* 805 P.2d 589,

13   590–91 (Nev. 1991)). Generally, "courts are reluctant to grant summary judgment in

14   negligence cases because foreseeability, duty, proximate cause and reasonableness

15   usually are questions of fact for the jury." *Lee v. GNLV Corp.,* 22 P.3d 209, 212 (Nev.

16   2001) (quoting *Thomas v. Bokelman,* 462 P.2d 1020, 1022 (Nev.1970)).

17       Moreover, in Nevada, "a business owes its patrons a duty to keep the premises in

18   a reasonably safe condition." *Sprague v. Lucky Stores, Inc.,* 849 P.2d 320, 322

19   (Nev.1993) (citing *Asmussen v. New Golden Hotel Co.,* 392 P.2d 49 (Nev. 1964)). If a

20   spill causes a slip and fall accident and the business owner or one of its agents caused

21   the spill, the business owner will be liable for breaching its duty to keep the premises

22   reasonably safe.  *Asmussen,* 392 P.2d at 50.  However, if the business owner or its

23   employees did not cause the spill, the business owner will be liable only if he/she had

24   actual or constructive notice of the spill and did not remedy it.  *Id.*  Thus, in an ordinary

25   "slip and fall" premises liability case, a defendant may be found liable either upon a

26   showing that it (or its agents or employees) caused the presence of the foreign

27   substance, or that had actual or constructive notice of the condition.  *Eldorado Club, Inc.*

28   *v. Graff*, 377 P.2d 174, 175 (Nev. 1962).

1   Morton has failed to proffer any evidence that any Wal-Mart employee or agent
2   caused the presence of the substance causing her injuries.[2]   At her deposition, she
3   made clear she had no information as to who placed the hazard at the store. (Dkt. no.
4   29-B at 87-89.)   Morton deposed three Wal-Mart employees, all of whom testified that
5   they did not cause the substance's presence, and did not know who placed it there.
6   (Dkt. nos. 29-C and 29-D.)   Morton has not presented any evidence as to causation.
7   Similarly, Morton cannot establish actual notice of the hazardous condition, as she
8   presents no evidence that any Wal-Mart agent or employee knew the condition was on
9   the floor prior to her fall. (Dkt. no. 29-B at 89-90, 91, 94-95.)   The only evidence offered
10  are the handwritten statements of two Wal-Mart employees that describe the incident in
11  question.  (Dkt. nos. 33-B and 33-C.)   One note describes Morton's slip, and states that
12  the substance was not noticed until after the fall.  (Dkt. no. 33-B.)   The second note
13  describes how an employee led Morton to a section of the store, only for Morton to fall
14  behind her on the clear substance.   (Dkt. no. 33-C.)   These notes suggest that the
15  employees had no actual notice of the foreign substance before the accident.

16      Having failed to establish causation or actual notice, Morton can only succeed on
17  her claim if she presents evidence that Wal-Mart had constructive notice of the
18  hazardous condition.  *See Sprague* 849 P.2d at, 322-23 ("Where the foreign substance
19  is the result of the actions of persons other than the business or its employees, liability
20  will lie only if the business had actual or constructive notice of the condition and failed to
21  remedy it.").   Ordinarily, this is a question of fact, *id.* at 323, but Morton has failed to
22  proffer any evidence sufficient to raise any genuine question of fact on this point.  There
23  is no evidence that Wal-Mart knew that substances like this were frequently on its floors,
24  or that the substance ordinarily creates a hazard, or that it was present for any

---

26      [2]Morton raises a number of objections to Wal-Mart's conduct during discovery she
27  claims was in bad faith.  (*See* dkt. no. 31 at 8-9.)  The Court does not address these
    complaints in this motion, and advises the parties that any disputes as to discovery
28  conduct must be brought in the form of a motion for decision by the presiding Magistrate
    Judge.

1  substantial period of time. *See id.* All that Morton can point to is evidence to demonstrate

2  mere presence of the hazardous condition, but that is not enough to create constructive

3  notice.  *Linnell v. Carrabba's Italian Grill, LLC*, 833 F. Supp. 2d 1235, 1238 (D. Nev.

4  2011).

5          Morton also argues that surveillance footage taken before the incident as

6  evidence that Wal-Mart employees should have known of the substance, since a number

7  of employees were seen walking through the isle in question, apparently minutes before

8  the accident.  However, there is no indication that the substance was on the floor during

9  these moments.  Indeed, this evidence weighs against a constructive notice showing,

10  since it provides circumstantial evidence that the hazard did not exist long enough to put

11  Wal-Mart on constructive notice.  *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1210-11

12  (2001) ("[A]n owner must have a reasonable time to make an inspection in order to

13  discover the dangerous condition and correct it.").  Without evidence that the hazard

14  "had existed for a period sufficient to provide the owner with constructive notice,"

15  Morton's claim must fail.  *Id.* at 1212.

16          As a result, Morton fails to present sufficient evidence to raise a genuine issue of

17  material fact as to notice or causation required in order to succeed on her claims against

18  Wal-Mart.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**V.     CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Clerk's Default (dkt. no. 11) is DENIED. The parties' March 13, 2012, Stipulated Dismissal is hereby WITHDRAWN. Defendants Claims Management, Inc. and Arkansas Claims Management, Inc. have twenty-one (21) days from the entry of this Order to respond to Morton's Complaint.

IT IS FURTHER ORDERED that Defendant Wal-Mart's Motion for Summary Judgment (dkt. no. 19) is DENIED.

IT IS FURTHER ORDERED that Defendant Wal-Mart's Second Motion for Summary Judgment (dkt. no. 29) is GRANTED.

DATED THIS 12th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE