UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LOURDES MARIA MORTON,        | Case No. 2:12-cv-00155-MMD-NJK |
|---|---|
| Plaintiff,                   | ORDER |
| v.                           | (Plf.'s Request for Stay – dkt. no. 37; Plf.'s Motion for Defendant Wal-Mart Stores, Inc.'s Bad Faith Conduct During Discovery – dkt. no. 39; Plf.'s Application for Default – dkt. no. 42) |
| WAL-MART STORES, INC., et al., | |
| Defendants.                  | |

**I.   SUMMARY**

Before the Court are Plaintiff Lourdes Maria Morton's Request for Stay (dkt. no. 37), Motion for Defendant Wal-Mart Stores, Inc.'s Bad Faith Conduct During Discovery (dkt. no. 39), and Application for Default (dkt. no. 42). For the reasons set forth below, Morton's Motions are denied.

**II.   BACKGROUND**

Morton filed her Complaint on January 30, 2012, against Defendants Wal-Mart, Claims Management, Inc., and Arkansas Claims Management, Inc., for injuries arising out of a slip and fall in a San Bernardino, California Wal-Mart store. Morton alleges that on February 13, 2010, she slipped and fell on a "slippery, gel-like substance" while inside the store and sustained injuries as a result. (Dkt. no. 1 at ¶ 4.) Morton brought two claims, one for negligence and the other for "loss of care, society, companionship, support and consortium of her spouse." (*Id.* at ¶¶ 5-10.)

On February 12, 2012, the Court granted Wal-Mart's Second Motion for Summary Judgment. (Dkt. no. 29.) Thereafter, Morton filed the instant Motions.

Morton's Request for Stay appears to seek reconsideration of the Court's February 12, 2012, Order. Having failed to present newly discovered evidence, demonstrate that the Court committed clear error in its ruling, or that an intervening change in the controlling law occurred, Morton's request to reconsider the Court's Order fails. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (describing standard for motions to reconsider).

Morton's second Motion complains about Wal-Mart's alleged misconduct during discovery. As the Court has rendered judgment in favor of Wal-Mart, the Court lacks the authority to entertain discovery disputes that should have been filed in the form of a motion during the course of discovery.

Lastly, Morton's Application for Default seeks default judgment against Defendants Claims Management, Inc. and Arkansas Claims Management, Inc. (collectively "Claims Management Defendants"). Morton's request for default was filed two days after both Defendants filed their Motion to Dismiss. (*See* dkt. no. 38.) Accordingly, Morton's Application must be denied. Morton is advised that per Local Rule 7-2(b), her response to Claims Management Defendants' Motion to Dismiss is due by March 21, 2013.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Request for Stay (dkt. no. 37) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Defendant Wal-Mart Stores, Inc.'s Bad Faith Conduct During Discovery (dkt. no. 39) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Application for Default (dkt. no. 42) is DENIED.

DATED THIS 11th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE