UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOURDES MARIA MORTON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WAL-MART STORES, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-00155-MMD-NJK<br><br>ORDER |

## I.　SUMMARY

Before the Court are Defendants' Motion to Dismiss (dkt. no. 38) and Plaintiff's Motion for Sanctions (dkt. no. 48.) For the reasons discussed below, the Motion to Dismiss is granted and the Motion for Sanctions is denied.

## II.　BACKGROUND

The relevant facts and procedural history are recounted in the Court's February 12, 2013 Order. (See dkt. no. 36.) Plaintiff Lourdes Morton alleges that on February 13, 2010, she slipped and fell on a "slippery, gel-like substance" while inside a San Bernardino, California Wal-Mart store and sustained injuries as a result. (Dkt. no. 1 at ¶ 4.) She asserts claims for negligence and loss of consortium against Claims Management, Inc. and Arkansas Claims Management (collectively "Claims Management"), and Wal-Mart. (Id. at ¶¶ 5-10.)

In response to Wal-Mart's second motion for summary judgment, the Court found that Plaintiff failed to offer any evidence to support certain essential elements of her

1 negligence claims. Namely, Plaintiff failed to show that Wal-Mart caused the presence of
2 the substance causing her injuries or had actual or constructive notice of the presence of
3 the substance.

4 As for Claims Management, they did not respond to the Complaint because of the
5 parties' stipulation for dismissal, which Plaintiff later challenged. (Dkt. no. 10.) As a result
6 of the issues raised relating to the stipulation for dismissal, the Court denied Plaintiff's
7 application for default judgment and extended the time for Claims Management to
8 respond to the Complaint. (Dkt. no. 36.) Claims Management now moves for dismissal.

### III. CLAIMS MANAGEMENT'S MOTION TO DISMISS (dkt. no. 38)

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the

plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). However, *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### B. Legal Analysis

Claims Management argues that Plaintiff cannot seek to impose negligence liability against them because she fails to allege that they have the requisite relationship to Plaintiff or to the Wal-Mart store at issue so as to give rise to a duty of care. Claims Management argue that their names as identified in the case caption demonstrate that they are third party claims administrators, not the entities who owned, operated or controlled the Wal-Mart store where Plaintiff sustained her injuries.

A claim for negligence requires that plaintiff must show, among other elements, that "the defendant had a duty to exercise due care with respect to the plaintiff." *Joynt v. California Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992) (citing *Perez v. Las Vegas Medical Center*, 805 P.2d 589, 590-91 (Nev. 1991)). The Complaint fails to allege this essential element.

The Complaint does not allege that Claims Management had a relationship with Plaintiff, Wal-Mart or to the Wal-Mart store at issue. Indeed, the Complaint makes no mention of Claims Management, other than to identify the two Claims Management defendants in the case caption. The Complaint makes specific allegations relating to

Wal-Mart and general allegations that "Defendants owed a duty to control, operate, inspect and clean the floors of the Wal-Mart store." (Dkt. no. 1 at ¶ 7.) These general allegations regarding Defendants, given the absence of any specific allegations relating to Claims Management, do not allow the Court to draw a reasonable inference that Claims Management owed Plaintiff a duty of care upon which negligence liability may be based.[1] Plaintiff's negligence claims against Claims Management are not facially plausible. Accordingly, her claims against Claims Management must be dismissed.

### IV.     PLAINTIFF'S MOTION FOR SANCTIONS (dkt. no. 48)

Plaintiffs filed a Motion for Sanctions on July 1, 2013, over four (4) months after the Court's February 13, 2013, Order granting Wal-Mart's second motion for summary judgment and extending the time for Claims Management to respond to the Complaint. (Dkt. no. 48.) In her Motion, Plaintiff asks the Court to impose sanctions against Wal-Mart and Claims Management for their bad faith conduct in this case. However, the Court does not find that Defendants have acted in bad faith. To the contrary, in granting summary judgment in favor of Wal-Mart, the Court found that Plaintiff failed to offer the necessary evidence to establish negligence liability. This was based in part on Plaintiff's deposition testimony and the deposition testimonies of other witnesses. Defendants have not engaged in conduct that requires sanctions in this case.

### V.     CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (dkt. no. 38) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions (dkt. no. 48) is DENIED.

---

[1] Claims Management alleges that as third party claims administrators, their only role in this case was to process Plaintiff's claim pre-litigation. (Dkt. no. 38 at 2.) While the Court does not consider this allegation in deciding the Motion, the Court notes that Plaintiff essentially affirms this allegation in her response where she recounts Claims Management's handling of her claim against Wal-Mart and asserts that Claims Management "failed to negotiate a reasonable settlement in order to avoid litigation." (Dkt. no. 48 at 6.)

This Order addresses and disposes of the remaining claims against the remaining defendants. The Clerk is therefore instructed to close this case.

DATED THIS 27th day of August 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE